## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES,<br><br>              Plaintiff,<br><br>v.<br><br>BUCKEYE COACH LLC; CARDUAN TOURS LLC; CLASSIC ELEGANCE COACHES LLC; COASTAL CREW CHANGE COMPANY LLC; EJECUTIVO ENTERPRISES INC.; EL PASO UNITED CHARTERS LLC; GARCIA AND GARCIA ENTERPRISES INC. (D.B.A. FRANCISCO TOURS); JY CHARTER BUS INC.; LILY'S BUS LINES INC.; MAYO TOURS, INC.; NORTENO EXPRESS LLC; ROADRUNNER CHARTERS INC.; SOUTHWEST CREW CHANGE COMPANY LLC; TRANSPORTES REGIOMONTANOS INC. (D.B.A. AUTOBUSES REGIOMONTANOS); VLP CHARTER LLC; WINDSTAR LINES INC.; and WYNNE TRANSPORTATION LLC,<br><br>              Defendants. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, Defendant ROADRUNNER CHARTERS INC. hereby remove the above-captioned action (the "State Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The State Action is removable under 28 U.S.C. §§ 1332(a), 1331, 1441(b) because the action arises out of federal questions, because the amount in controversy exceeds $75,000, and there is

1

complete diversity of citizenship between the plaintiff and all Defendants who are expected to join in this request particularly because the lawsuit,

    a.  constitutes interference with Interstate commerce, interferes with the interstate operating authorities granted to the Defendant motor carriers by the US Department of Transportation Federal Motor Carrier Safety Administration by imposing restrictions that the Federal Government has not imposed upon such interstate carriers as a condition precedent to the free movement of passengers in interstate commerce among the several states, is discriminatory in nature because it is applied unequally against the Defendant motor carriers, and not applied at all against the Transportation Security Administration ("TSA") and United States Border Patrol, which have similarly moved migrants in interstate commerce by use of the same and other modes of interstate passenger transportation to the State of New York and New York City from the Southern Boarder of the United States, failing and refusing to enforce the same proscriptions upon such modes of interstate travel, and creates a substantial and impermissible burden on interstate commerce to achieve a political goal to discourage freedom of travel to New York City by migrants, that creates havoc in interstate commerce, and diverts attention from New York's declared public policy as a sanctuary city to welcome migrants; and

    b.  is also ironic that a self-proclaimed "sanctuary city" seeks to punish interstate motor carriers for simply making it possible to transport those same people invited to NYC at the taxpayers' expense.

Defendants provide the following plain statement of the grounds for removal together with all process, pleadings, and orders served in the State Action, pursuant to 28 U.S.C. § 1446(a).

1.      On January 4, 2024, plaintiff, The Commissioner of the New York City Department of Social Services ("Plaintiff") commenced the State Action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, under Index No. 150122/2024 (the "Complaint"). A true and accurate copy of the Summons and Complaint, filed in the State Action and issued to Defendants, is attached as Exhibit A.

2.      On January 4, 2024, Plaintiff simultaneously filed a proposed Order To Show Cause (the "OTSC"), a memorandum of law in support of the OTSC, an affirmation of Molly Park, Commissioner of the New York City Department of Social Services, with Exhibit A – Resume of Molly Park, an Affirmation of Tanaz Moghadam, and a Request for Judicial Intervention. (the "OTSC Documents"). A true and accurate copy of the OTSC Documents is attached as Exhibit B.

3.      The OTSC sought an order:

  i.      Enjoining, pursuant to Section 149 of the New York Social Services Law, the Defendants to post a bond in an amount to be determined by the Court to pay the Plaintiff New York City Social Services Commissioner for the cost of caring for individuals who have already been transported from Texas to New York City to implement the Texas Governor's plan;

3

ii.    Enjoining, pursuant to Section 149 of the New York Social Services Law, the Defendants to pay the Plaintiff New York City Social Services Commissioner for the cost of caring for individuals who are transported after the date of the Court's order from Texas to New York City to implement the Texas Governor's plan; and

iii.    Granting such other and further relief as this Court deems just and proper.

4.    On January 9, 2024, the Honorable Mary V. Rosado signed the OTSC.

5.    Judge Rosado required the Plaintiff to serve the Defendants via personal service of a copy of this Order to Show Cause, together with the Summons and Verified Complaint, and the supporting papers, upon the Defendants' designated process agents, established in accordance with 49 C.F.R. § 366.4 by January 11, 2024.

## PARTIES

6.    Plaintiff Commissioner of the New York City Department of Social Services is the New York City official authorized by Section 149 of the New York Social Services Law to enforce the statute and seek payment for the care of the individuals brought to New York City to implement the Texas Governor' Greg Abbott's announced plan.

7.    Buckeye Coach LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 320 London Road, Suite 102, Delaware, OH 43015.

8.     Carduan Tours LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 1901 Galveston Street, Laredo, TX 75043.

9.     Classic Elegance Coaches LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 321 Interlachen Court, El Paso, TX 79928.

10.     Coastal Crew Change Company LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 5117 Highway 90 E, Lake Charles, LA 70615.

11.     Ejecutivo Enterprises Inc. is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 8007 Hickok Lane, Houston, TX 77075.

12.     El Paso United Charters, LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 2660 Tierra Murcia Street, El Paso, TX 79938.

13.     Garcia and Garcia Enterprises Inc. (d.b.a. Francisco Tours) is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 7105 Moline Street, Houston, TX 77087.

14.     JY Charter Bus Inc. is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 6115 Nunn Street, Houston, TX 77087.

15.     Lily's Bus Lines Inc. is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 1631 Isom Street, Houston, TX 77039.

16.     Mayo Tours, Inc. is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 516 Martin Street, West Monroe, LA 71292.

17.     Norteno Express LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 602 W Calton Road, Suite 4B, Laredo, TX 78041.

18.     Roadrunner Charters Inc. is, a charter transportation company with a principal place of business at 8972 Trinity Boulevard, Hurst, TX 76053.

19.     Southwest Crew Change Company LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 7247 Kirk Drive, Orange, TX 77630.

20.     Transportes Regiomontanos Inc. (d.b.a. Autobuses Regiomontanos) is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 1902 San Bernardo Avenue, Laredo, TX 78040.

21.     VLP Charter LLC is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 17017 Mary Esther Road, Von Ormy, TX 78073.

22.     Windstar Lines Inc. is, according to the Verified Complaint in the State Action, a charter transportation company with a principal place of business at 1903 N US Highway 71, Carroll, IA 51401.

23.     Wynne Transportation LLC is, according to the Verified Complaint in the State Action, a general contractor for charter transportation companies with a principal place of business at 14110 N Dallas Parkway, Suite 240, Dallas, TX 75254.

24.     As such, and as pled in the Verified Complaint in the State Action, complete diversity exists between Plaintiff, on the one hand, and the Defendants, on the other.

25.     The amount in controversy alleged in the State Action exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. The Complaint seeks monetary damages not less than $708,000,000. *See* Exhibit A at 13.

26.     This Court therefore has jurisdiction in the matter of the State Action pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Accordingly, the State Action may be removed to this Court pursuant to 28 U.S.C. §1441(b).

27.     This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

28.     Plaintiff's action raises substantial constitutional questions, echoing the principles established in *Edwards v. California*, which highlights the protection of interstate transportation of persons under the Commerce Clause of the U.S. Constitution. U.S. Const. art. I, § 8, cl. 3.

29.     Contrary to the Plaintiff's assertions in Complaint ¶ 3, the State Action directly interferes with interstate commerce by preventing the lawful transportation of individuals who have achieved legal status in the United States and are voluntarily relocating to New York from free interstate travel.

30.     This interference implicitly imposes a substantial burden upon interstate motor carriers if enforced, because Plaintiff would require such carriers to determine in advance of the transportation service to be provided, whether the passengers seeking interstate travel to New York City have sufficient family and financial resources so as not to require financial assistance and aide from New York Social Services, a requirement not imposed by the Federal Government acting under the authority of the Commerce Clause of the United States Constitution, as a condition precedent to such interstate travel, and exposes the interstate motor carrier Defendants to significant monetary damages in this civil suit, hampering the fundamental right of the migrants, who have achieved legal status in the United States granted by the Federal government, and who otherwise lack the means to engage in free interstate travel.

31.     Their right to freely travel throughout the United States in interstate commerce is also safeguarded under the Privileges and Immunities Clauses of the Constitution, specifically Art. IV, § 2, and the Fourteenth Amendment.

32.     Consequently, the State Action imposes a substantial, impermissible, and unconstitutional burden on interstate commerce, violating these constitutional protections.

33.     Therefore, the summons with notice presents a question of federal law such that removal of this action is appropriate pursuant to 28 U.S.C. § 1331.

34.     Removal is also timely pursuant to 28 U.S.C. § 1446(b).

35.     Upon information and belief, not all defendants herein have been served with the Complaint and OTSC Documents.

36.     Assuming, without waving any rights or remedies, all Defendants were served via their designated process agents, established in accordance with 49 C.F.R. § 366.4 on January 11, 2024 pursuant to the signed OTSC, their deadline to remove would be February 11, 2024.

37.     On January 9, 2024 this law office, Hantman and Associates entered appearance on behalf of Defendant Roadrunner Charters, Inc. A true and accurate copy of the Notice of Appearance is attached hereto in Exhibit B.

38.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court, Supreme Court of the State of New York, County of New York, and will provide written notice of the filing of this Notice of Removal to Plaintiff. A true and accurate copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

39.     By filing this Notice of Removal, Defendants do not admit any liability, do not waive any available defense, including but not limited to any objections to service

of process, personal jurisdiction, or venue, and reserve all rights and waive none, including but not limited to the right to bring a motion to dismiss the claims under Rule 12 of the Federal Rules of Civil Procedure.

40.     It is believed that all Defendants will consent to this removal.

41.     Defendants reserve the right to amend or supplement this Notice of Removal.


Accordingly, Defendants respectfully request that the State Action proceed before this Court as an action properly removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
January 16, 2024

HANTMAN & ASSOCIATES
**By: /s/ Robert Hantman**
Robert Hantman, Esq.
rhantman@hantmanlaw.com
Nyall J. Cook, Esq.
ncook@hantmanlaw.com
Joseph J. Ferrara, Esq. Of Counsel
jferrara@hantmanlaw.com
1120 Avenue of the Americas 4th Floor
New York, New York 10036
(212) 684-3933
*Attorneys of Defendant Road Runners Charters Inc.*
www.hantmanlaw.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's electronic filing system this 16 day of January 2024, which will provide notice of the same to the following:

Plaintiff The Commissioner of the New York City Department of Social Services via counsel Steven Robert Banks of Paul, Weiss, Rifkind, Wharton & Garrison LLP.

The undersigned hereby certifies that on January 16, 2024, a copy of the foregoing was mailed to the following parties by overnight UPS mail:

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Steven Robert Banks
285 Avenue Of The Americas, New York, NY 10019-6064
(212) 373-3561
sbanks@paulweiss.com
*Attorneys of Plaintiff*

**By: /s/ Robert Hantman**
Robert Hantman, Esq.