**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3561

WRITER'S DIRECT FACSIMILE

(212) 492-0561

WRITER'S DIRECT E-MAIL ADDRESS

sbanks@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

2029 CENTURY PARK EAST, SUITE 2000
LOS ANGELES, CALIFORNIA 90067-3006
TELEPHONE: (310) 982-4350

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1313 NORTH MARKET STREET, SUITE 806
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
WILL AITKEN-DAVIES*
JARRYD E. ANDERSON
STEFAN ARNOLD-SOULBY*
JONATHAN H. ASHTOR
ROBERT A. ATKINS
KANESH BALASUBRAMANIAM*
SCOTT A. BARSHAY
PAUL M. BASTA
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
PAUL D. BRACHMAN
ROBERT A. BRITTON
BRAD BROWN
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
BONNIE CHEN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
TIMOTHY CRUICKSHANK
CHRISTOPHER J. CUMMINGS
TIHITINA DAGNEW
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
CAROLINE B. EPSTEIN
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
KATHERINE B. FORREST
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
DAVID P. FRIEDMAN
MATTHEW R. FRIEDMAN
KENNETH A. GALLO
REUVEN P. GARRETT
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
BENJAMIN GOODCHILD
MARTHA L. GOODMAN
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
JOE GRAHAM
BRIAN S. GRIEVE
UDI GROFMAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
SOHAIL ITANI
JAREN JANGHORBANI
BRIAN M. JANSON
LUKE JENNINGS
JEH C. JOHNSON
ROGER JOHNSON*
DEIRDRE JONES*
MATTHEW B. JORDAN
CHRISTODOULOS KAOUTZANIS
BRAD S. KARP
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
ROBERT A. KINDLER

ALEXIA D. KORBERG
NINA KOVALENKO
DANIEL J. KRAMER
ANDREW D. KRAUSE
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
MATTHEW N. LEIST*
XIAOYU GREG LIU
TIMOTHY LOWE*
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
ELIZABETH R. MCCOLM
ANNE MCGINNIS
JEAN M. MCLOUGHLIN
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
MATTHEW MERKLE
WILLIAM B. MICHAEL
SEAN A. MITCHELL
ERIN J. MORGAN
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
CIAN O'CONNOR*
BRAD R. OKUN
SUNG PAK
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
JOHN PATTEN*
DANIELLE C. PENHALL
CHARLES J. PESANT
ANASTASIA V. PETERSON
ANDREAS PHILIPSON*
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
RAVI PUROHIT
VALERIE E. RADWANER
JEFFREY J. RECHER
LORIN L. REISNER
JEANNIE S. RHEE*
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
NEEL V. SACHDEV*
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM
SCOTT A. SHER*
SUHAN SHIM
MARIAN S. SHIN
ANUSHA SIMHA
CULLEN L. SINCLAIR
MAURY SLEVIN
KYLE SMITH
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
BEN STEADMAN
AIDAN SYNNOTT
ROBERT D. TANANBAUM
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
ANDREA WAHLQUIST BROWN
JOHN WEBER
THEODORE V. WELLS, JR.
ERIC J. WEDEL
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
STACI YABLON
BOSCO YIU*
TONG YU
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

January 31, 2024

**By ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

   ***Comm'r of the New York City Dep't of Soc. Servs. v. Buckeye Coach LLC et al.,***
            ***1:24-cv-00326-VSB***

Dear Judge Broderick:

   On behalf of the Plaintiff Commissioner of the New York City Department of Social Services, we write in response to your January 24, 2024 Order (the "Order") "direct[ing] the parties to submit supplemental briefing addressing Defendant Roadrunner Charter Inc.'s contention that [this Court has] subject-matter jurisdiction over this action." We are grateful for Your Honor's immediate attention to Plaintiff's January 24, 2024 letter requesting an expedited schedule in this case. Regardless of whether this action remains in this Court or is remanded back to state court, it remains critically

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick                                                                                                   2

important that Plaintiff Commissioner's Order to Show Cause be heard as soon as possible given the urgency arising from Defendants' implementation of Texas Governor Greg Abbott's publicly-articulated plan to bring, or cause to be brought, tens of thousands of migrants from Texas to New York City in a bad faith effort to impose costs on the city to force a change in national immigration policy.

As discussed more fully below, there is no basis in this case for federal question subject matter jurisdiction, and Defendants have conceded that diversity jurisdiction does not exist.

**There Is No Basis for Federal Question Jurisdiction in This Case**

Defendant Roadrunner Charter Inc. ("Roadrunner") asserts that this action presents federal questions because it "imposes a substantial, impermissible, and unconstitutional burden on interstate commerce" in violation of "the Privileges and Immunities Clauses of the Constitution, specifically Art. IV, § 2, and the Fourteenth Amendment." Notice of Removal, Dkt. No. 1 at ¶¶ 31-32. As a result, Roadrunner asserts, this case "presents a question of federal law such that removal of this action is appropriate pursuant to 28 U.S.C. § 1331." *Id.* at ¶ 33.[1]

That is not the law. For purposes of subject matter jurisdiction, a federal question must be an essential ingredient of a plaintiff's claim for relief. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722 (Rev. 4th ed. 2023); *Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023). The "well-pleaded complaint" rule requires the Court to determine whether a federal question exists from "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses." *Taylor* v. *Anderson*, 234 U.S. 74, 75–76 (1914). A constitutional defense against a state statute does not create a federal question. *See* Wright & Miller § 3722; 16 James Wm. Moore et al., Moore's Federal Practice § 107.71 (2023); *Thurston Motor Lines, Inc.* v. *Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("it is the character of the action and not the defense which determines whether there is federal question jurisdiction"); *Caterpillar* v. *Williams*, 482 U.S. 386, 399 (1987) ("federal defenses do not provide a basis for removal"); *Adams* v. *Netflix, Inc.*, 726 Fed. App'x 76, 77 (2d Cir. 2018) ("it is well established that a federal defense does not give rise to federal question jurisdiction"); *City of Rome, N.Y.* v. *Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere

---

[1] On January 26, 2024, the sixteen other named Defendants filed an Answer to Plaintiff's complaint raising affirmative defenses based on constitutional challenges to New York Social Services Law § 149. They argue that "New York Social Services Law Section 149 on its face and/or as applied violates the Supremacy Clause of the U.S. Constitution"; "the Interstate Commerce Clause of the U.S. Constitution. Edwards v. California, 314 U.S. 160, 62 S. Ct. 164, 86 L. Ed. 119 (1941)"; "the Equal Protection Clause of the U.S. Constitution"; and "the Due Process Clause of the U.S. Constitution." Defs.' Answer to Pl.'s Compl., Dkt. No. 11 at pp. 5-6 ("Answer"). These sixteen Defendants also challenge Plaintiff's standing to enforce the state statute at issue—even though the law expressly authorizes the Commissioner to seek the relief she is seeking here.

Hon. Vernon S. Broderick                                                                                                         3

existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").

Here, Plaintiff's well-pleaded complaint relies exclusively on New York Social Services Law § 149. As sixteen of the seventeen Defendants state in their Answer, any constitutional challenge to the state statute is a "defense," which is irrelevant in determining federal question jurisdiction. Dkt. No. 11 at 5-6; *see also Louisville & Nashville R.R. Co.* v. *Mottley*, 211 U.S. 149, 152 (1908) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.").

Roadrunner's attempt to shoehorn this case through one of the narrow exceptions to the well-pleaded complaint rule is entirely meritless. The Second Circuit has identified "three situations . . . in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law:" (1) where Congress expressly authorizes removal of the action, (2) where the complete-preemption doctrine applies, or (3) where the requirements of *Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) are satisfied. *Fracasse* v. *People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014); *see also Romano* v. *Kazacos*, 609 F.3d 512, 519 (2d Cir. 2010); *Connecticut*, 83 F.4th at 138 (reaffirming "the boundaries of the exceptions we recognized in *Fracasse* and *Romano*"). None of those exceptions applies here.

With respect to the first exception, Roadrunner does not—and cannot—identify any federal statute that expressly authorizes removal of this action. Similarly, with respect to the second exception, Roadrunner does not—and cannot—identify any source of federal law that completely preempts New York Social Services Law § 149. *See Connecticut*, 83 F.4th at 137 ("a federal cause of action must completely preempt a state cause of action in order to trigger the potent legal fiction that any state-law complaint that comes within the scope of that federal cause of action necessarily arises under federal law") (cleaned up) (citing *Franchise Tax Bd.* v. *Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 24 (1983)). Nor does—or can—Roadrunner show that Congress has "clearly manifested an intent to disallow state law claims" related to the funding of social services, and certainly not to the "extraordinary" degree necessary to completely preempt state law claims. *Marcus* v. *AT&T Corp.*, 138 F.3d 46, 53-54 (2d Cir. 1998); *see also Connecticut*, 83 F.4th at 137; *Caterpillar*, 482 U.S. at 393. Despite the suggestion in Roadrunner's letter brief (Dkt. No. 19 at p. 9), merely "touching" on federal matters does not amount to complete preemption.[2]

---

2   The mere fact that Roadrunner may assert as a defense that it purportedly is protected by federal law because it is a provider of interstate transportation also does not establish federal preemption. No federal law permits the bad faith transport of individuals for the express purpose of shifting costs from

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick                                                                                                          4

Roadrunner's attempt to invoke the third exception, under *Grable*, is similarly baseless. For that exception to apply, Roadrunner would need to show that the City's state law action (1) necessarily raises (2) a substantial and actually disputed federal issue that is (3) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *See Fracasse*, 747 F.3d at 144. Roadrunner does not—and cannot—meet that stringent test. Contrary to the unsupported assertion in its letter brief, the fact that Roadrunner purportedly has a "certificate of authority" from the Federal Motor Carrier Safety Administration does not raise a "federal issue." Nor does this lawsuit "necessarily raise" a federal issue. Plaintiff Commissioner's well-pleaded claim rests entirely on a state statute, New York Social Services Law § 149, and the Commissioner can prove her case without any reference to any "federal issue." This case similarly does not present a "substantial and actually disputed" federal issue "important[t] . . . to the federal system as a whole." *Fracasse*, 747 F.3d at 144–145. And Roadrunner's misguided attempt to compare this case with the circumstances in *NASDAQ OMX Grp., Inc.* v. *UBS Sec., LLC*, 770 F.3d 1010 (2d Cir. 2014) only further demonstrates that no such issue is present here. In that case, the NASDAQ securities exchange allegedly suffered a "massive failure" that resulted in dereliction of a "critical, federally mandated duty" to provide a "fair and orderly" market during "one of the largest public stock of offerings in history." *Id.* at 1017, 1027. No such breach of duty is at issue here, much less a substantial federally-prescribed duty "of significant interest to the federal system as a whole." *Id.* at 1031. Finally, Roadrunner claims that "interpreting federal statutes and regulations . . . in federal court aligns with the principle that federal issues should be decided in a federal forum." Dkt. No. 19 at p. 12. But that assertion ignores that this case turns entirely on the interpretation of a <u>state</u> statute, something that state courts are fully capable of doing just as well as (if not better than) federal courts.

To the extent that Roadrunner and the other Defendants seek to assert certain defenses under the U.S. Constitution, the New York state courts are perfectly competent and able to adjudicate them. *See* Wright & Miller, § 3527; Moore §120.10. Indeed, courts regularly remand state law claims to state court even where the defendant has raised a Constitutional or other federal law defense. *See, e.g., Troung* v. *Am. Bible Soc'y*, 171 F. App'x 898 (2d Cir. 2006) (affirming remand of state law claims because "First Amendment defenses . . . cannot establish federal question jurisdiction."); *Carey* v. *Ripp*, No. 2:17-cv-04899-ADS-SIL, 2018 WL 1135553, at *2 (E.D.N.Y. Feb. 28, 2018) (remanding the case to New York state court and noting that "[w]hile the Defendant may

---

one jurisdiction to another in order to force a change in federal immigration policy. Similarly, compliance with the New York Social Services Law places no burden on Defendants to determine who might require care in New York City. The whole purpose of this transportation scheme—as publicly acknowledged by the Texas Governor—is for Defendants to bring individuals to New York City who will need care and support in order to force the President of the United States to change the country's immigration policies. Moreover, the presence or absence of Texas in this case does not provide federal jurisdiction, and the fact that Texas is not a Defendant does not absolve Defendants of their liability under state law for carrying out the Texas Governor's plan.

Hon. Vernon S. Broderick                                                                                              5

claim that he has a [Constitutional] defense, case law is abundantly clear that a defense does not convert a state law claim into a federal claim").

**Defendants Concede That Diversity Jurisdiction Does Not Exist in This Case**

Roadrunner's attempt to invoke diversity jurisdiction is similarly meritless because sixteen of the seventeen Defendants in this case have now conceded that "diversity jurisdiction does not exist." Dkt. No. 21 at p.1.  That admission is not surprising given that Roadrunner bore the burden of demonstrating that all of the corporations and the members of each and every defendant limited liability company or partnership are citizens of different states than all opposing parties, and yet made no attempt to do so.  *See, e.g., Advani Enter. Inc.* v. *Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt* v. *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)), *Dumann Realty, LLC* v. *Faust*, No. 09-cv-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013).  Indeed, despite filing an Answer on January 26, 2024, the other Defendants in this case never even filed the requisite Rule 7.1 disclosure statements identifying the citizenship of each of their members.[3]  Thus, there simply is no basis for Roadrunner to invoke diversity jurisdiction in this case.

*          *          *

Again, we thank Your Honor for the expeditious resolution of this threshold question.  If the Court agrees that it does not have subject matter jurisdiction, we respectfully request that the case be remanded to the state court immediately.  If, however, the Court determines that it does have subject matter jurisdiction, notwithstanding the facts and law set forth herein, we respectfully request that Your Honor schedule a hearing after the submission of the pre-hearing briefing required in your January 24, 2024 Order with the same urgency as the state court ordered in its Order to Show Cause.

Respectfully,

/s/ Steven Banks

Steven Banks
Michele Hirshman
Darren Johnson
Counsel for the Plaintiff Commissioner

---

[3] For purposes of assessing diversity jurisdiction, an unincorporated entity such as a partnership or a limited liability company is deemed to be a citizen of all states of which its partners or members are citizens.  *Dumann Realty*, 2013 WL 30672 at *2.  A corporation is a citizen of both its principal place of business and its state of incorporation.  28 U.S.C.A. § 1332(c)(1); *Hertz Corp.* v. *Friend*, 559 U.S. 77 (2010).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick     6

cc: All counsel of record (via ECF)