```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
THE COMMISSIONER OF THE NEW                                    :
YORK CITY DEPARTMENT OF SOCIAL                                 :
SERVICES,                                                      :
                                                               :        24-CV-326 (VSB)
                                        Plaintiff,             :
                                                               :              ORDER
                        -against-                              :
                                                               :
BUCKEYE COACH LLC, et al.,                                     :
                                                               :
                                        Defendants.            :
                                                               :
---------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On January 4, 2024, The Commissioner of the New York City Department of Social Services (the "Commissioner") brought suit in New York State Supreme Court against seventeen "charter transportation" companies—Buckeye Coach LLC; Carduan Tours LLC; Classic Elegance Coaches LLC; Coastal Crew Change Company LLC; Ejecutivo Enterprises Inc.; El Paso United Charters LLC; Garcia and Garcia Enterprises Inc. (d/b/a Francisco Tours); JY Charter Bus Inc.; Lily's Bus Lines Inc.; Mayo Tours, Inc.; Norteno Express LLC; Roadrunner Charters Inc.; Southwest Crew Change Company LLC; Transportes Regiomontanos Inc. (d/b/a Autobuses Regiomontanos); VLP Charter LLC; Windstar Lines Inc.; and Wynne Transportation LLC (collectively, "Defendants"). (Doc. 1 ("Notice of Removal"), Exhibit ("Ex.") 1 ("Complaint" or "Compl.") ¶¶ 20–36.)  The Commissioner alleges in the Complaint that Defendants have transported more than 33,600 migrants from Texas to New York City, (Compl. ¶ 5), and seeks to recover the expenses associated with their care based on a provision of the Social Services Law that imposes penalties on anyone who "knowingly brings, or causes to

be brought, a needy person from out of the state into [New York] for the purpose of making him a public charge," N.Y. Soc. Serv. Law § 149 ("Section 149").

On January 16, 2024, Roadrunner Charters Inc. ("Roadrunner") removed the case to this Court based on diversity and federal-question jurisdiction. (Notice of Removal at 1–2.) Six days later, the Commissioner filed a letter asking me to set a briefing schedule and a hearing for the preliminary-injunction motion it had filed in state court. (Doc. 8 at 3.) I adopted the Commissioner's proposed briefing schedule but declined to set a hearing on the motion. (Doc. 9.) Instead, I directed the parties to submit separate letters, by January 31, 2024, addressing the issue of whether I have subject-matter jurisdiction over this action ("Jurisdiction Order"). (*Id.*)

On January 30, 2024, Roadrunner filed a letter that argued in favor of federal-question jurisdiction but did not substantively address diversity. (Doc. 19.) The next day, the remaining Defendants submitted a letter, consenting to removal, joining Roadrunner's argument that I have federal-question jurisdiction, and conceding that "diversity jurisdiction does not exist." (Doc. 21 at 1.) The Commissioner subsequently filed its letter disputing that federal-question jurisdiction exists. (Doc. 25.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Where, as here, the parties are not diverse,[1] removal is

---

[1] It is well settled that "the burden is on the removing party"—here, Roadrunner—"to show by a preponderance of the evidence that there is 'complete diversity'—namely, that all plaintiffs are citizens of states diverse from those of all defendants." *Coleman v. Selene Fin., LP*, No. 23-cv-3096, 2023 WL 9232950, at *3 (E.D.N.Y. Dec. 5, 2023). Because the Complaint, Notice of Removal, or Roadrunner's letters submitted in response to the Jurisdiction Order alleges the citizenship of each constituent member of the Defendant LLCs, Roadrunner "has not sustained its burden of demonstrating the existence of complete diversity of citizenship." *Cats Co. v. TIG Ins.*, No. 01-cv-5967, 2001 WL 747283, at *1 (S.D.N.Y. July 3, 2001); *see also Brown v. Diversified Maint. Sys., LLC*, No. 16-cv-230, 2016

proper only if the case falls within the district court's original federal-question jurisdiction. *Id.* § 1331; *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8 (1983) ("For this case—as for many cases where there is no diversity of citizenship between the parties—the propriety of removal turns on whether the case falls within the original 'federal[-]question' jurisdiction of the United States district courts."). To determine whether a case "arises under" federal law, courts typically look to the face of the plaintiff's well-pleaded complaint. *See Klein v. Aicher*, No. 19-cv-9172, 2020 WL 4194823, at *2 (S.D.N.Y. July 21, 2020) ("Whether federal courts have federal[-]question jurisdiction over an action is typically governed by the 'well-pleaded complaint' rule, pursuant to which federal[-]question jurisdiction exists only if 'plaintiff's statement of his own cause of action shows that it is based' on federal law." (quoting *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010))).

However, the Second Circuit has recognized three exceptions "in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject[-]matter jurisdiction." *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014) (alterations omitted). Those exceptions are: (1) "if Congress expressly provides, by statute, for removal of state[-]law claims"; (2) "if the state[-]law claims are completely preempted by federal law"; and (3) "in certain cases if the vindication of a state[-]law right necessarily turns on a question of federal law." *Id.* In this case, the only plausible basis for federal jurisdiction is the third option.[2]

---

WL 3207712, at *3 (W.D.N.Y. June 10, 2016) (collecting cases that were remanded because the defendant LLC had failed to meet its burden of showing complete diversity).

[2] Although Defendants rely on the "artful-pleading doctrine" as an independent basis for removal, that doctrine "is simply a label for the first two of the three exceptions to the well-pleaded complaint rule" enumerated by the Circuit in *Fracasse*. *See Connecticut ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 135 (2d Cir. 2023). Because Defendants do not point to a statute that expressly provides for removal or that completely preempts Section 149, I do not address those exceptions here. *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").

To determine whether this suit is one of the "special and small category of cases" where a state-law claim arises under federal law, *Gunn v. Minton*, 568 U.S. 251, 258 (2013), I apply the four-part test announced by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Under that test, federal jurisdiction over a state-law claim exists if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (summarizing *Grable*'s jurisdictional test).

Here, after considering the first prong of this test, I conclude that remand is required. A "federal issue" is "necessarily raised," *id.*, when "the pertinent question of federal law [is] a *necessary element* of one of the well-pleaded state claims," *Exxon Mobil Corp.*, 83 F.4th at 140 (internal quotation marks omitted)). In other words, "the claim [must be] affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable*, 545 U.S. at 314). This description "typically fits cases . . . in which a state-law cause of action is brought to enforce a duty created by [federal law] because the claim's very success depends on giving effect to a federal requirement." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 384 (2016) (internal quotation marks omitted).

The Commissioner's Section 149 claim neither relates to nor depends on a duty created under federal law. Section 149 imposes penalties on anyone who "[1] knowingly brings, or causes to be brought, [2] a needy person [3] from out of the state into this state [4] for the purpose of making him a public charge." N.Y. Soc. Serv. Law § 149. Each of these elements turns on state-law issues; none requires showing that Defendants violated federal law. To be

4

sure, Defendants insist that this case raises "substantial constitutional issues." (Notice of Removal ¶ 28.) For instance, in the Notice of Removal Roadrunner argues that Section 149 "directly interferes with interstate commerce by preventing the lawful transportation of individuals who have achieved legal status in the United States and are voluntarily relocating to New York." (*Id.* ¶ 29.) Similarly, Roadrunner's supplemental letter contends that this case involves the interpretation and application of regulations implemented by the Federal Motor Carrier Safety Administration, whose "jurisdiction and authority to regulate interstate passenger travel is exclusive and preemptive." (Doc. 19 at 3.) However, these arguments, at best, constitute federal defenses to the Complaint, and federal defenses are not grounds for removal. *See Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) (explaining that the inquiry under *Grable* must be "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose" (internal quotation marks omitted)).[3] Although the constitutionality of Section 149 may be a necessary element of certain anticipated defenses, it is certainly not a necessary element of the Commissioner's claim. Accordingly, the Commissioner's Section 149 claim does not provide a sufficient basis for the exercise of federal jurisdiction.

---

[3] Roadrunner also claims that Defendants raise as affirmative defenses that "New York Social Services Law Section 149 on its face and/or as applied violates 1) the Supremacy Clause of the U.S. Constitution[,] 2) the Interstate Commerce Clause of the U.S. Constitution[,] *Edwards v. California* 314 U.S. 160, 62 S. Ct. 164, 86 L. Ed 119 (1941)[,] [and] 3) the Equal Protection Clause of the U.S Constitution." (Doc. 19 at 1.) Similarly, these affirmative defenses do not support federal-question jurisdiction. *See Williams v. Am. Home Mortg. Holdings, Inc.*, No. 04-cv-5299, 2005 WL 8159005, at *3 (E.D.N.Y. Sept. 19, 2005) ("[A]n affirmative defense that implicates federal law—no matter how easily such a defense could be anticipated by a plaintiff—does not, generally, render an action removable pursuant to a district court's federal question jurisdiction."); *see, e.g., Belmont v. JetBlue Airways Corp.*, 401 F. Supp. 3d 348, 360 (E.D.N.Y. 2019) (finding affirmative defense insufficient under *Grable* to confer federal-question jurisdiction); *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 398 (S.D.N.Y. 2014) (same).

It is therefore

ORDERED that the case is REMANDED to the Supreme Court of the State of New York, County of New York.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 14, 2024
      New York, New York

Vernon S. Broderick
United States District Judge